IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RUSSELL BROWNING,** | ) | Civil Action No. 7:11cv00372 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **RANDALL C. MATHENA,** | ) | By: Norman K. Moon |
| Defendant. | ) | United States District Judge |

Russell Browning, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Browning has not submitted payment of the filing fee and, thus, the court liberally construes his complaint as a request to proceed in forma pauperis and grants that request. However, the court finds that Browning has not stated a claim upon which relief may be granted and, therefore, dismisses this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Browning states that he "wants to challenge the constitutionality of operational changes implemented by Warden Mathena" and the "punishment of [a] whole pod for charges or institutional infractions obtained by 4 inmates or 6 inmates." Browning seeks injunctive relief to protect him through the grievance procedure.[1] To state a claim for relief under §1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Browning's allegations are far too vague and conclusory to state a cognizable constitutional

---

[1] Browning asks for protection from reprisals, violence by officers or inmates, and false and frivolous charges while he pursues the grievance procedure on his claims. However, he does not allege that any of these things have happened to him.

claim against anyone.[2]  Accordingly, the court finds that Browning has failed to state a constitutional claim upon which relief may be granted and, therefore, the court dismisses his complaint without prejudice.[3]

### III.

For the reasons stated, the court dismisses Browning's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER**: This 17th day of August, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Further, an inmate has no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

[3] Moreover, it is clear from Browning's complaint that his claims are not yet fully exhausted.